UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LYNN EVELYN DETILLION,

        Plaintiff,

   v.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION, *et al.*,

        Defendants.

:

:

:

Case No. 2:22-cv-2671
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motions (1) to Reopen Case, (2) for Court's Review of the Clerk's Action Allowing Defendant Ohio Department of Rehabilitation and Correction's (DRC) Deposition Transcript Expenses as Court Costs, and (3) for An Oral Hearing on Equitable Factors. Because Federal Rule of Civil Procedure 54(d)(1) permits courts to review the Clerk's award of costs without reopening the case, and because Ms. Detillion cites to no rule other than 54(d)(1) in her Motion, the Court construes the Motions as a Motion to Review Taxation of Costs and a Motion for an Oral Hearing.

For the reasons below, Plaintiff's Motions are **DENIED**.

**I.    BACKGROUND**

Following her termination, Ms. Detillion filed this action against DRC and Ohio Civil Service Employees Association (OCSEA), alleging claims for sex and race discrimination, sex harassment/hostile work environment, retaliation, intentional

infliction of emotional distress, and aiding and abetting discrimination in violation of federal and Ohio law. The Court dismissed various Ohio law claims on DRC's Partial Motion for Judgment on the Pleadings and OCSEA's Partial Motion to Dismiss; it resolved the case on summary judgment, finding that Ms. Detillion had failed to make out a *prima facie* case on any of her remaining Ohio law and Title VII claims, or else that they were time-barred.

Ms. Detillion appealed to the Sixth Circuit. During the pendency of the appeal, Defendants filed a Motion for Taxation of Costs, which was fully briefed. After the Sixth Circuit affirmed this Court's decisions, the Clerk issued a notice and taxed $4,209.10 in costs against Ms. Detillion for six deposition transcripts. Her present Motion challenges the Clerk's notice.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) creates a presumption that costs be taxed, and it is the objecting party's burden to establish why a requested cost is improper. Fed. R. Civ. P. 54(d)(1); *Freeman v. Blue Ridge Paper Prods., Inc.*, 624 F. App'x 934, 938 (6th Cir. 2015). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). However, deposition expenses should not be taxed as costs when the depositions were "used essentially for the purpose of investigation or the kindred purpose of thorough preparation by counsel." *Hill v. BASF Wyandotte Corp.*, 547 F. Supp. 348, 351 (E.D. Mich. 1982) (quoting *Kaiser Indus. Corp. v. McLouth Steel Corp.*, 50 F.R.D. 5, 12 (E.D. Mich.1970)). A deposition is reasonably necessary, and not purely investigatory,

when a party relies on the deposition transcripts in support of its motion for summary judgment. *Russell v. State of Ohio, Dep't of Admin. Servs.*, No. 2:05-CV-0142, 2009 WL 1119476, at *2 (S.D. Ohio Apr. 27, 2009) (Smith, J.).

A trial court has discretion to deny costs when, under all the circumstances of the case, it is inequitable to put the burden of paying costs on the losing party. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). This Court has identified eleven factors to determine whether costs should be awarded to a prevailing party, only three of which are relevant here. *U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 75 (S.D. Ohio 2000) (Spiegel, J.) (citing *Rosser v. Pipefitters Union Loc. 392,* 885 F. Supp. 1068, 1071–72 (S.D. Ohio 1995) (Weber, J.)). Those three factors are (1) whether the losing party acted in good faith, (2) whether the case was "close and difficult," and (3) whether the award to the prevailing defendant will have a chilling effect on similar prospective future plaintiffs. The Sixth Circuit has also recognized that the losing party's indigency may be considered when deciding whether to tax costs. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001).

Neither acting in good faith nor indigency alone is sufficient to warrant a denial of costs. *Goostree v. State of Tenn.*, 796 F.2d 854, 864 (6th Cir. 1986) (good faith); *Rashid v. Commc'ns Workers of Am.*, No. 304-CV-291, 2007 WL 315355, at *3 (S.D. Ohio Jan. 30, 2007) (Rose, J.) (indigency).

### III. ANALYSIS

#### A. Motion to Review Taxation of Costs

##### 1. The transcripts were reasonably necessary.

Ms. Detillion first argues that deposition expenses should not be taxed against her because the Court did not rely on the depositions in its grant of summary judgment. A deposition is reasonably necessary not when the Court relies on it, but when a defendant relies on it in its summary judgment motion. *See Russell*, 2009 WL 1119476, at *2 (finding a transcript was reasonably necessary when cited in a summary judgment briefing). Defendants frequently cited to all six depositions in their motions for summary judgment. The depositions were thus reasonably necessary and are appropriate to tax as costs.

##### 2. Ms. Detillion has not carried her burden to show costs should not be assessed against her.

Ms. Detillion argues that four factors warrant denial of costs in her case—that she acted in good faith, that the case was close and difficult, that awarding DRC costs will have a chilling effect on prospective future employment discrimination plaintiffs, and that she is indigent.

There is no dispute that Ms. Detillion acted in good faith in filing and prosecuting this action, but this alone does not warrant a denial of costs. The Court finds that Ms. Detillion has not carried her burden to show that costs should not be taxed against her.

4

### a) Closeness and Difficulty

This employment discrimination case was neither close nor difficult. "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White*, 786 F.2d at 732–33. Cases are "close and difficult" when they involve protracted litigation, extended trial, voluminous evidence, and novel legal issues. *Compare White & White*, 786 F.2d at 732 (finding a case was close and difficult when it involved an 80-day trial, 43 witnesses, 800 exhibits, 15,000 pages of transcript, and a 95-page opinion) *with Blue Ridge Paper Prods.*, 624 F. App'x at 939 (finding a case was not close and difficult when it involved well-settled law and was resolved on summary judgment).

Ms. Detillion argues that her case was difficult because DRC produced 26,000 pages of documentation in discovery (many of which were duplicates), and because it took the Court six months to rule on Defendants' motions for summary judgment.[1] She argues that her case was close because (i) only one of the four individuals who investigated her termination found her actions inappropriate, (ii) that investigator misinterpreted relevant video footage, which was never presented to the Court, and (iii) DRC removed Ms. Detillion, but not her partner, from her work assignment, and then failed to provide documents relevant to this decision.

---

[1] While courts do consider the length of litigation and the length of trial when analyzing closeness and difficulty, the Court has not located, and Ms. Detillion did not cite, any case law that correlates the time it takes the Court to rule on motions with the closeness or difficulty of a case.

None of these arguments are availing. This case did not involve novel legal issues, protracted litigation, a trial, or extensive witnesses or evidence.[2] It was partially resolved on two Rule 12 motions and fully resolved on summary judgment based on a straightforward analysis of the facts. These are the hallmarks of a case that is neither close nor difficult.

### b) Chilling Effect

Ms. Detillion has not established that an award of costs in this case would create a chilling effect for future Title VII plaintiffs. She argues vaguely that "normal human experience would seem to support" the contention that awarding costs against an "underemployed plaintiff who in good faith believes she has been discriminated against" would create such an effect. Notably, courts in the Sixth Circuit "have routinely found that an award of Rule 54 costs to prevailing employers in employment discrimination cases is appropriate" including in cases involving financially insecure plaintiffs. *See Santiago v. Meyer Tool Inc.*, No. 1:19-CV-32, 2024 WL 1656984, at *8 (S.D. Ohio Apr. 17, 2024) (Litkovitz, M.J.), *report and recommendation adopted*, No. 1:19-CV-32, 2024 WL 2187005 (S.D. Ohio May 15, 2024) (McFarland, J.) (collecting cases). When courts do deny costs based on the potential chilling effect of awarding them, it is in cases that were close and difficult. *See U.S. ex rel. Pickens*, 196 F.R.D. at 77; *Rosser*, 885 F. Supp. at 1072.

---

[2] Ms. Detillion acknowledges that, after accounting for duplicates, relevant discovery documentation amounted to far less than 26,000 pages.

### c) Indigency

Finally, Ms. Detillion has not shown that she is indigent. A party who argues that costs should be denied because of inability to pay must demonstrate that payment would be a burden and that she is indigent. *Rashid*, 2007 WL 315355, at *3 (citing *Tuggles v. Leroy-Somer, Inc.*, 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004)). A party must show that she is incapable of paying the court-imposed costs now or in the future. *Id.* To make this showing, the party must provide documentation of the inability to pay. *See, e.g., Grose v. Mansfield Corr. Inst.*, No. 1:06CV2720, 2008 WL 11477171, at *2 (N.D. Ohio Mar. 10, 2008) (awarding costs against a plaintiff who claimed indigency without filing any "affidavit, documentary evidence, or sworn testimony regarding her financial status.").

Here, Ms. Detillion concedes she is employed and offers no admissible documentation of her financial status.[3] Her current employment cuts against a finding that she is unable to pay costs now or in the future. *Tuggles*, 328 F. Supp. 2d at 846 (finding that a plaintiff failed to show indigence when she had a regular monthly income).

Even if she was unemployed and had submitted appropriate documentation of an inability to pay, indigency alone does not prevent the taxation of costs. *Sales*, 873 F.2d at 120.

---

[3] The Court agrees that Ms. Detillion "is entitled to make the information about her claimed financial incapacity a matter of record for the Court's consideration." But she has not done so, and she is not entitled to a hearing on the matter when the record does not contain any admissible evidence of her financial status.

7

B.  **Motion For an Oral Hearing**

Per the foregoing analysis, an oral argument is unnecessary.

IV. **CONCLUSION**

Based upon the reasoning above, Ms. Detillion's Motions are **DENIED**. This case remains terminated on the Court's docket. The Clerk's award of costs against Ms. Detillion is **AFFIRMED**.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**